**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **De Oliveira, Marcos Antonio,** <br><br> Petitioner, <br><br> **v.** <br><br> **CRUZ, Andy, Warden, Federal Detention Center, Philadelphia; RIFE, John E., Acting Field Office Director, Immigration and Customs Enforcement, Enforcement and Removal Operations, Philadelphia Field Office; MULLIN, Markwayne, Secretary of the Department of Homeland Security; BLANCHE, Todd, Acting U.S. Attorney General; U.S. DEPARTMENT OF HOMELAND SECURITY,** <br><br> Respondents. | : | **CIVIL ACTION** <br><br> **No. 26-8937** |

**ORDER**

**AND NOW,** this 24th day of November, 2026, upon consideration of Marcos Antonio De Oliveira's Petition for Writ of Habeas Corpus (ECF No. 1), and the response thereto, it is hereby **ORDERED** that the petition is **GRANTED.**[1]

It is **FURTHER ORDERED** as follows:

1. Respondents shall immediately release Marcos Antonio De Oliveira from custody without any additional restraints on his liberty, including electronic monitoring.

2. Respondents shall return Petitioner's personal property that they seized during his arrest and detention, including identification and documents.

3. Respondents shall certify compliance with this order by filing proof of his release and stating the time and manner of release on the docket no later than **5:00 P.M. E.S.T. on November 25, 2026**.

4. Respondents are temporarily enjoined from re-detaining Marcos Antonio De Oliveira for seven days following his release from custody.

5. If, after the seven-day period, Respondents choose to pursue re-detention of Marcos Antonio De Oliveira, they must demonstrate through constitutionally adequate procedures that detention is authorized and warranted, including an individualized custody determination and a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings.

BY THE COURT:

Hon. Mia R. Perez

[1] Petitioner Marcos Antonio De Oliveira is a native and citizen of Brazil, who has lived in the United States since approximately 2018. ECF No. 1 ¶ 18. Just before 7:00 a.m. on November 20, 2026, Petitioner was driving to work with a coworker when ICE officers stopped in front of his car and blocked it from moving. *Id.* ¶ 20. Officers did not know either man in the car. *Id.* They shouted at Petitioner and his passenger, pulled the car door open, and demanded identification. *Id.* According to the Form I-213, filled out later that day, the officers were looking for a different target. ECF No. 6-1 at 2. It is unclear whether the target was, in fact, Petitioner's coworker; though, Petitioner asserted the agents did not appear to know either of their names or be looking for either of them. ECF No. 1 ¶ 20. Indeed, Petitioner had no previous contact with ICE and has no criminal history. *Id.* ¶¶ 18, 19; ECF No. 6-1 at 2.

According to the I-213, Petitioner produced his drivers' license, then fled on foot, and was apprehended and placed under arrest. ECF No. 6-1 at 2. Approximately 30 minutes after the encounter began, and *after* they arrested Petitioner, officers obtained a warrant, which was digitally signed. ECF No. 6-2; ECF No. 6 at 1 (conceding the warrant was obtained after Petitioner's arrest). They then informed Petitioner he was under arrest and took him into custody. ECF No. 6-1. A notice of custody determination was signed at 11:56 a.m., providing no reason for the custody determination. ECF No. 6-4. At some point that day, a Notice to Appear was executed. ECF No. 6-3. It has a handwritten signature of the issuing officer, who was not present on the scene. ECF No. 6-3. There is no timestamp on the document. *Id.*

"As a general rule, it is not a crime for a removable [noncitizen] to remain present in the United States[,]" so officers may not arrest an individual "based on nothing more than possible removability[.]" *Arizona v. United States*, 567 U.S. 387, 407 (2012). "If the police stop someone based on nothing more than possible removability, the usual predicate for an arrest is absent." *Id.* Accordingly, officers must follow the steps set forth in the statutory structure to make a lawful arrest of a noncitizen. *Lopez-Lopez v. Jamison*, No. 26-7618, 2026 WL 3094744, at *3 (E.D. Pa. Oct. 16, 2026).

Respondents contend Petitioner is detained under 8 U.S.C. § 1226(a), which provides that "[o]n a warrant issued by the Attorney General, [a noncitizen] may be arrested and detained pending a decision on whether the alien is to be removed from the United States." The warrant may only be issued "at the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed." 8 C.F.R. § 236.1(b)(1); *see also Lopez-Lopez*, 2026 WL 3094744, at *3. "This is because a notice to appear is a case-initiating document—like an indictment in a criminal case or a complaint in a civil case—and serves as the basis for commencing a grave legal proceeding against a noncitizen." *Lopez-Lopez*, 2026 WL 3094744, at *3 (internal punctuation omitted).

Respondents do not argue Petitioner was properly arrested under 8 U.S.C. § 1357(a)(2)'s warrantless arrest exception, and they concede the warrant was obtained after his arrest. Additionally, Respondents' issuance of the Notice to Appear after the arrest warrant does not comply with the statutory sequence. Petitioner was first arrested, then issued a digitally signed warrant and taken into custody, and then provided a Notice to Appear. "[I]t is unlawful for ICE officers to arrest and detain a noncitizen on a Form I-200 warrant and *subsequently* generate an NTA; warrants issued under those circumstances are deemed invalid." *Lopez-Lopez*, 2026 WL 3094744, at *4 (collecting cases).

The Form I-200 Warrant was obtained after Petitioner's arrest and before a Notice to Appear was issued. The warrant is, therefore, invalid, and Petitioner's arrest and detention is unlawful. *See Parada Cruz v. Mullin*, 837 F. Supp. 3d 404, 412 (E.D. Pa. 2026) ("The practice of after-the-fact arrest warrants can be called many things—illegal, improper, and unconstitutional among them. . . . Police and law enforcement cannot operate as roving bands, detaining individuals, figuring out the reasons later, and papering over their failures afterwards."). This Court joins its colleagues' concerns about Respondents' actions being indicative of racial profiling and taking a "make-it-up-as-we-go" approach to immigration enforcement. *Lopez-Lopez*, 2026 WL 3094744, at *5. Such violations of this nation's laws warrant habeas relief. The remedy for unlawful detention is immediate release. *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020).